APPEAL OF WHEELER B. GAMBEE.

Docket No. 3972.   Decided September 30, 1926.

Cost of building certain houses ascertained for purpose of determining the gain resulting from the sale thereof.

*Arthur I. Strang, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the Commissioner.

This is an appeal from the determination of a deficiency for the year 1920 in the amount of $15,852.16, of which $14,929.57 is in controversy. The controversy arises over the cost of certain houses used as the basis for determining gain resulting from the sale thereof.

### FINDINGS OF FACT.

The petitioner is an individual residing at White Plains, N. Y., and was, during the time mentioned herein, an attorney for an abstract company. As a side line he constructed several residences for profit. In the year 1920 he sold five of such residences, the cost of which, as the basis for determining the gain from the sales, is in controversy.

The houses were built at various times since March 1, 1913, in a fashionable residential district in and about White Plains, N. Y. They were well constructed and included all modern conveniences and refinements, such as hardwood floors throughout, steam heat, fire places, extra baths, laundries, garages, cement walks, etc.

From the evidence the Board finds that the cost of the land and houses (designated by the Commissioner and the petitioner as " Parcel No. 1," " Parcel No. 2," " Parcel No. 3," " Parcel No. 4," and " Parcel No. 5 ") was as follows:

|  | Cost. | Depreciation. |
|---|---|---|
| Parcel No. 1: |  |  |
| Land | $4,500.00 |  |
| Buildings | 16,750.00 | None. |
| Parcel No. 2: |  |  |
| Land | 5,479.45 |  |
| Buildings | 19,500.00 | $2,925.00 |
| Parcel No. 3: |  |  |
| Land | 3,250.00 |  |
| Buildings | 18,000.00 | None. |
| Parcel No. 4: |  |  |
| Land | 2,666.66 |  |
| Buildings | 14,000.00 | 2,520.00 |
| Parcel No. 5: |  |  |
| Land | 2,000.00 |  |
| Buildings | 11,000.00 | 1,980.00 |
| Total cost | 97,146.11 | 7,425.00 |
| Less depreciation | 7,425.00 |  |
| Cost less depreciation | 89,721.11 |  |

The petitioner sold the houses in 1920 and paid certain brokers' fees as commissions, as follows:

|  | Sale price. | B·oker's fee. |
|---|---|---|
| Parcel No. 1 | $25,000 | $1,250 |
| Parcel No. 2 | 30,000 | 1,500 |
| Parcel No. 3 | 24,000 | None. |
| Parcel No. 4 | 20,000 | 1,000 |
| Parcel No. 5 | 15,500 | None. |
| Total | 114,500 | 3,750 |
| Less broker's fee | 3,750 | |
| Net selling price | 110,750 | |

The total cost of the land and the buildings, less depreciation, was $89,721.11, and the net selling price in 1920 was $110,750, the total gain resulting from the transactions being $21,028.89. The Commissioner determined that the cost, less depreciation, was $45,070.95, that the selling price was $114,500, and that the total gain resulting from the transaction was $69,429.05.

### OPINION.

Love: The question in this appeal is solely one of fact. We must find the cost of the buildings in question for the purpose of determining the gain resulting from their sale.

The petitioner at the hearing was unable to produce his original checks and other original memoranda to show the precise cost of the buildings. At the time he made his return he did have that data but the same has been lost or destroyed. He did present, however, data prepared from his best recollection of the cost of the buildings. He was also able to produce the original plans as well as actual photographs of the houses built. Standing alone, this evidence would not have controlling weight, but it was corroborated by an expert builder and estimator whose testimony we are disposed to accept. The petitioner's witness, Albert H. Smith, had been engaged in the business of contracting and building houses in and about White Plains for over 25 years. His reputation as a building cost expert was such that he was frequently used in the courts as a cost expert. He was also employed by fire insurance companies to estimate and adjust fire losses to buildings. His qualifications were conceded by the Commissioner. He personally inspected and appraised the buildings in question and appraised the costs in excess of those claimed by the petitioner. The figures of the petitioner and the appraiser seem fair and certainly within the bounds of reason, when we take into consideration the style of house built, the sale price and the resulting gain. The petitioner's own figures

show a profit of approximately 20 per cent on the amount invested. The Commissioner has determined a gain of $69,429.05 on an investment of $46,606.29, which on its face seems extremely abnormal in the absence of evidence of abnormal building profits in this district at the time in question. The method by which the Commissioner ascertained the cost is not disclosed, but we are convinced that the petitioner's figures, which we have accepted in our findings of fact, are much more within the bounds of reason and, under the circumstances, should be used for the purpose of determining the gain.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*